UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS L. MIMS | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05-CV-1202 CDP |
| | ) | |
| JAMES GAMMON, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Petitioner Demetrius L. Mims was sentenced to fifteen years' imprisonment following his Alford plea to robbery in the second degree. The court suspended execution of the sentence and placed Mims on probation for five years, but later revoked the probation and ordered Mims to serve the fifteen-year sentence.

Mims has filed a petition for writ of habeas corpus under to 28 U.S.C. § 2254. I conclude that the petition was filed beyond the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1), and so I will deny it as untimely.

**I.     Procedural Background**

On April 17, 1998 petitioner Demetrius L. Mims entered an Alford plea in St. Louis County Circuit Court to robbery in the second degree. At the plea hearing, Mims stated that he understood that he was being charged with second-degree robbery, and defense counsel waived the filing and reading of an amended

information. The prosecutor stated that if the case were to proceed to trial, the evidence against Mims would be that "on or about Wednesday, August 20, 1997, at approximately 10:55 a.m. at 6820 Roberts in the County of St. Louis, State of Missouri, [Mims] forcibly stole a wallet and its contents in the possession of James F. Campbell." Mims agreed that based on the evidence, there was a substantial likelihood that a jury would find him guilty, and he subsequently pled guilty to the charge of second-degree robbery.

On May 15, 1998, the trial court sentenced Mims to fifteen years imprisonment, but the court suspended execution of the sentence and placed Mims on probation for five years. On August 28, 1998, the trial court revoked Mims' probation for, among other things, committing first-degree robbery, and executed Mims' fifteen-year sentence. Mims did not appeal.

After executing the sentence, the trial court advised Mims of his rights to proceed under Missouri Supreme Court Rule 24.035, including the right to raise a claim that the trial court was without jurisdiction to impose the sentence. On June 9, 2000, Mims filed a motion for post-conviction relief under Rule 24.035, but the St. Louis County Circuit Court dismissed the motion as untimely on May 11, 2001. Mims did not appeal that denial.

On July 5, 2003, Mims filed a motion to withdraw his guilty plea pursuant to Missouri Supreme Court Rule 29.07(d). In his motion, Mims alleged that he was

2

abandoned by counsel because counsel failed to advise him of his right to direct appeal. Mims claimed that had he been advised of this right, he would have sought appellate review of the trial court's jurisdiction to accept his guilty plea because no amended information charging him with second-degree robbery had been filed at the time the court accepted the plea. The St. Louis County Circuit Court denied relief on August 25, 2004. The Missouri Court of Appeals affirmed the circuit court's decision on June 21, 2005 and issued a mandate on July 14, 2005.

On August 3, 2005, Mims filed a <u>pro se</u> petition seeking federal habeas corpus relief raising one ground for relief. The ground asserted is that there was no evidence of force, so there was insufficient evidence to support a conviction for second-degree robbery; he also asserts that he lied at his guilty plea when he acknowledged that there was sufficient evidence to convict him.

**II.     Discussion**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one-year statute of limitations to applications for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1). The statute of limitations begins running on the date when the State judgment became final through the completion of direct review or the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).

Under Missouri Supreme Court Rule 30.01(d), Mims had ten days after

3

sentencing to file a notice of appeal.  Since Mims was sentenced on May 15, 1998, his deadline for seeking direct review was May 25, 1998.  Mims did not file a notice of appeal, so his one-year time limit began to run on May 25, 1998.  Therefore, Mims' one-year statute of limitations for filing an application for a writ of habeas corpus expired on May 25, 1999.  Consequently, Mims' habeas corpus petition was time-barred since it was not filed until August 3, 2005.  Additionally, none of the tolling arguments that are sometimes made can apply here.  Most obviously, by the time Mims filed his first post-conviction motion on June 9, 2000, he was already more than a year past the one-year limit for filing a federal habeas claim.

Under 28 U.S.C. § 2244(d)(2), "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation."  28 U.S.C. § 2244(d)(2).  See Lawrence v. Florida, 127 S.Ct. 1079, 1081 (2007).  However, a state post-conviction petition that is rejected by a state court as untimely under the state statute of limitations, is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not warrant statutory tolling for the period in which it is pending.  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); Walker v. Norris, 436 F.3d 1026, 1031 (8th Cir. 2006).  Statutory tolling does not apply to state court applications for post-conviction relief where the state

4

application was not pending during the limitations period.  Cross-Bey v. Gammon, 322 F.3d 1012, 1014 (8th Cir. 2003).

Mims' first motion for post-conviction relief was dismissed by the Missouri court as time barred, so it does not constitute a properly filed application for the purposes of § 2244(d)(2), and it did not toll the AEDPA limit.  Additionally, as stated above, it was not pending during the limitations period, because it was not filed until after that period had expired, so that is another reason it did not toll the period.  Likewise, statutory tolling does not apply to Mims' second motion for post-conviction relief, a Rule 29.07(d) motion, because the motion was not pending during the limitations period since it was not filed until June 5, 2003.

Mims is also not entitled to equitable tolling.  The one-year time limit in § 2244(d)(1) is a statute of limitations and not a jurisdictional bar, and thus, the one-year time limit may be equitably tolled.  Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003).  However, equitable tolling may only be invoked where there are extraordinary circumstances beyond a prisoner's control, which make it impossible to file a petition on time. or where the conduct of the respondent has lulled the petitioner into inaction.  Id.; see also Finch v. Miller, 491 F.3d 424, 426 (8th Cir. 2007). A petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Pace, 125 S. Ct. at 1814; Walker,

436 F.3d at 1032. Generally, the extraordinary circumstances must be external to the petitioner, and even claims of actual innocence have been held to be insufficient to toll the statute of limitations. Cross-Bey, 322 F.3d at 1015; see Flanders v. Graves, 299 F.3d 974, 978 (8th Cir. 2002) (stating that petitioner's actual innocence claim was insufficient to equitably toll the statute of limitations absent showing that some action or inaction on the part of the respondent prevented the petitioner from discovering relevant facts in a timely manner or that a reasonably diligent petitioner could not have discovered the facts in time to file a petition within the limitations period). "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Flanders, 299 F.3d at 976.

In the present case, equitable tolling is unwarranted because there were no extraordinary circumstances beyond Mims' control that made it impossible for him to file a habeas corpus petition on time, and there was no conduct of the Government which lulled Mims into inaction. Even if Mims is claiming actual innocence in stating that there was no evidence of force to support a conviction of second-degree robbery, equitable tolling is unwarranted because there were not any facts which Mims could not have reasonably discovered in time to file a petition within the limitations period. Flanders, 299 F.3d at 978.

## V.   Conclusion

After a thorough review of the record in this case, I find that Petitioner's claim for habeas relief fails and must be denied. Because Petitioner filed his petition beyond the deadline and is not entitled to statutory or equitable tolling, his petition is time-barred by AEDPA's statute of limitations. Because petitioner cannot make a substantial showing of a denial of a constitutional right, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus filed by Demetrius L. Mims is denied.

A separate judgment in accord with this order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of February, 2008.